### No. 483
### MILLER v. STATE
Ohio Appeals, 7th Dist., Mahoning County
March 21, 1924
333. CRIMINAL LAW AND PRACTICE— An affidavit charging a person with the commission of an offense need not be made by one having personal knowledge of the facts.
ROBERTS, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This case and that of Smith v. State were tried together in the Mayor's Court, where Miller and Smith were convicted of selling and delivering intoxicating liquor to one Collins. Error was prosecuted by defendants, who contended that since the affidavits, on the filing of which the warrants were issued, were made by one Conrad who was dead and who had no

personal knowledge of the facts therein stated. That the said Conrad would not be a competent witness and was not qualified or authorized by law to make the affidavits and that the proceedings were therefore void. A paragraph in Ruling Case Law was cited to the effect that an affiant in a affidavit must be a person having personal knowledge or be competent to be a witness. The Court of Appeals held:

The authority cited has application to civil matters, and none to criminal cases or matters such as are involved in this case. There is no restriction found in 13469 GC. to the effect that persons making the affidavit must have personal knowledge or even be competent witnesses. If such were the rule justice would be seriously impeded. The contention of defendants is not well taken. The judgments, not being against the decided weight of the evidence, will be affirmed.

Attorneys—Leo S. Wilkoff, for Miller and Smith; H. H. Hull and E. R. Zieger, for State; all of Youngstown.