MARGARET DE MATTEIS, Appellant, *v.* VILLAGE OF PEEKS-
KILL et al., Respondents.

Submitted January 12, 1940; decided January 25, 1940.

*Harold J. Drescher, Robert F. Barrett* and *Jacob Katz* for appellant.   The franchise granted is illegal, null and void in that the village board did not comply with the village ordinance.   (*Colonial Motor Coach Corp.* v. *City of Oswego,* 126 Misc. Rep. 829; *Mayor* v. *Dry Dock, E. B. & Battery R. R. Co.,* 133 N. Y. 104; *Matter of Ballard* v. *Roth,* 141 Misc. Rep. 319; *Parsons Const. Corp.* v. *City of New York,* 163 Misc. Rep. 932; *McCabe* v. *City of New York,* 213 N. Y. 468; *Village of Carthage* v. *Frederick,* 122 N. Y. 268; *Jones* v. *Foster,* 43 App. Div. 33; *Blanshard* v. *City of New York,* 262 N. Y. 5; *Crayton* v. *Larabee,* 220 N. Y. 493; *People* v. *Reicherter,* 128 App. Div. 675; *Cunningham* v. *City of Niagara Falls,* 242 App. Div. 39; *Borst* v. *Town of Sharon,* 24 App. Div. 599.)   The franchise granted became null and void by its terms in that the acceptance of the

franchise was not approved as to form by the village of Peekskill as required by the franchise. (*Deshong* v. *City of New York*, 176 N. Y. 475; *Colonial Motor Coach Corp.* v. *City of Oswego*, 126 Misc. Rep. 829; *Fisher* v. *City of Mechanicville*, 94 Misc. Rep. 134; *Matter of Ulster County* v. *State Dept. of Public Works*, 211 App. Div. 629; 240 N. Y. 648; *Old Colony Trust Co.* v. *City of Wichita*, 123 Fed. Rep. 762; *Pacific T. & T. Co.* v. *City of Seattle*, 14 Fed. Rep. [2d] 877; *People ex rel. Schieffelin* v. *Walker*, 247 N. Y. 320.) The franchise was illegally granted in that the village board failed to comply with section 90 of the Village Law (Cons. Laws, ch. 64) in granting the same. (*Matter of City of Long Beach* v. *Public Service Comm.*, 249 N. Y. 480; *Greenberg* v. *City of New York*, 152 Misc. Rep. 488; *Yonkers R. R. Co.* v. *Hume*, 225 App. Div. 313; *Holst* v. *Savannah Electric Co.*, 131 Fed. Rep. 931; *City of Paterson* v. *Barnet*, 46 N. J. L. 62; *Newman* v. *City of Emporia*, 32 Kan. 456.)

*Edward G. Halsey, Jr.*, for Village of Peekskill, respondent.

*Arthur Carter Hume* for Mayflower Transit Lines, Inc., respondent. It was unnecessary that the procedural part of the provisions of the village ordinance be complied with. (*Reycroft* v. *City of Binghamton*, 138 Misc. Rep. 257; *Mills* v. *Sweeney*, 219 N. Y. 213; *Matter of McCabe* v. *Voorhis*, 243 N. Y. 401; *People ex rel. Casler* v. *Eysaman*, 126 Misc. Rep. 853; *Greenberg* v. *City of New York*, 152 Misc. Rep. 488; *Blanshard* v. *City of New York*, 262 N. Y. 5; *Village of Carthage* v. *Central New York T. & T. Co.*, 185 N. Y. 448; *Mayor* v. *D. D., E. B. & B. R. R. Co.*, 133 N. Y. 104; *Browne* v. *City of New York*, 213 App. Div. 206; *County Securities, Inc.*, v. *Seacord*, 278 N. Y. 34.) There was no implied power in the village to add additional requirements. (*Ottawa* v. *Carey*, 108 U. S. 110; *N. Y., O. & W. Ry. Co.* v. *Griffin*, 235 N. Y. 174.)

*Per Curiam.* The plaintiff attacks the validity of a consent to the operation of the omnibus line of the defendant

Mayflower Transit Lines, Inc., given by the trustees of the defendant, the Village of Peekskill. It is the contention of the plaintiff that in giving the consent there was a failure to comply with the terms of an ordinance of the village which purports to impose certain conditions upon the power of the village trustees to act in such a matter. The ordinance in question provides that certain details of proposed operation should be stated in the application and that the application, itself, should be published in a daily newspaper. In the present case the application was not published and otherwise did not fully meet the requirements of the ordinance.

The right to operate an omnibus line over the public highways comes from the State. Section 66 of the Transportation Corporations Law (Cons. Laws, ch. 63), made applicable to this village by the provision of section 67 and a resolution of the village trustees, requires the consent of the local authorities to be procured after public notice and a hearing as a prerequisite to operation and to the issuance of the necessary certificate of public convenience and necessity. Section 89, subdivision 39, of the Village Law (Cons. Laws, ch. 64) further specifies the manner in which the notice is to be given.

It has been found in this case that notice of the hearing was published in the official newspapers of the village in accordance with a resolution of the trustees and in compliance with the provisions of the Village Law, and that pursuant thereto a hearing was held. The terms of section 66 of the Transportation Corporations Law were thus fully complied with. These were the only prerequisites fixed by statute to the giving of the consent. They assured to the citizens and property owners information that a consent was sought and when and where objection or criticism, if any, might be interposed. The interests of property owners and citizens were thereby fully protected. No authority was vested by the State in the trustees permitting them to impose other or different conditions.

The other points upon which the plaintiff attacks the consent have been examined and found without foundation.

We have, therefore, reached the conclusion that the consent of the village authorities to the operation of the omnibus line is valid.

The judgment should be affirmed, with costs.

FINCH, J. (dissenting). The State by statute requires a public utility transportation company, as a condition precedent to its right to a franchise to operate upon the streets of a municipality, to obtain the consent of the latter. In this same statute the State has also provided that such consent should not be procured until "after public notice and a hearing * * *." (Transportation Corporations Law, § 66.) Just how extensive should be this public notice and what should be the procedure to obtain such consent was left to the municipality.

Pursuant to this statute, the village of Peekskill passed an ordinance providing that the applicant for a franchise to operate buses upon the village streets should publish once in the daily paper the essentials of the application, including, among other things, the fare to be charged and the service it proposed to render therefor. The ordinance then goes on to provide that when the Village Clerk presents this application to the Board of Trustees, he must submit with it proof that the application has been published in a daily newspaper. "The Board of Trustees shall thereupon have a public hearing thereafter * * *."

A majority of the court are about to hold that upon such an application for a public franchise in perpetuity, the words of the statute "public notice and a hearing" prohibit the village of Peekskill from passing the ordinance requiring the publication of the application and limit the village solely to a notice and hearing upon the petition after it has been presented to the Board of Trustees. With this construction of the statute we are unable to agree. By the terms of the statute providing for the consent of the village to a franchise for the use of its streets, there is no

language showing the intent of the Legislature to exclude any reasonable requirement for public notice. On the other hand, it was left to the municipality to prescribe what procedure should constitute reasonable public notice. The ordinance prescribes a reasonable public notice to the inhabitants of the village of the essentials of a petition about to be filed to obtain a franchise and is valid.

It is said, however, that subdivision 39 of section 89 of the Village Law specifies what shall constitute public notice and a public hearing and that even if section 66 of the Transportation Corporations Law does not render this village ordinance invalid, that subdivision 39 of section 89 prevents the village from requiring an applicant for a franchise to be required to publish the essentials of his application. Section 89 of the Village Law merely provides that " no franchise shall be granted without a public hearing notice of which shall be given by publication in the official newspaper at least ten days before the meeting." (Subd. 39.) Such language obviously lays down the minimum requirement for publication, but this does not prevent the village from requiring in addition to the publication of notice of the public hearing a prior publication of the essentials of the application before the Board of Trustees considers the desirability of granting the application.

If the ordinance is valid, any taxpayer may insist upon its validity and observance and it is no disqualification to the plaintiff that she is connected with the owner of a franchise with whom this present applicant is about to compete. The ordinance is valid and the plaintiff may insist upon its observance.

Valid ordinances within the territory affected have the force of law. (*Crayton* v. *Larabee*, 220 N. Y. 493, 501.) It was illegal for the Board of Trustees to ignore the ordinance and the failure to comply therewith renders the franchise illegal.

Municipal officers " have no power to waive any of the requirements of a statute enacted for the protection of

the people of the town or municipality of which they are officers * * *." (*Borst* v. *Town of Sharon,* 24 App. Div. 599, 602.)

The judgments appealed from should be reversed and the injunctions issued.

LEHMAN, Ch. J., LOUGHRAN, SEARS, LEWIS and CONWAY, JJ., concur in *per curiam* opinion; FINCH, J., dissents in opinion, in which RIPPEY, J., concurs.

Judgment affirmed.