**STATE, Plaintiff-Appellee, v. GUTILLA, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4372.   Decided January 18, 1950.

Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.

Isadore L. Margulis, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

The defendant was charged, tried, convicted and sentenced in the Municipal Court of the City of Columbus, Ohio, for the illegal practice of medicine.

Thirteen errors are assigned to the judgment. We will not set them out or consider them in detail, but confine our opinion to those assignments which require comment.

The affidavit upon which the court took jurisdiction to try the defendant was made by Frank A. Dorsey, an inspector

for the State Medical Board. It appears that Mr. Dorsey had no personal knowledge of the facts upon which the State rested its case against the defendant. Defendant moved to quash the complaint because the affiant did not have personal knowledge of the facts set out in the affidavit. The motion was overruled and this is assigned as error.

The court did not err for two reasons:

(1) The fact that affiant did not have personal knowledge of the subject matter of the affidavit was not developed prior to the time that the motion was overruled but was adduced at the trial when Mr. Dorsey testified as a witness for the State.

(2) The affidavit was in such form as required the issue of a warrant under §13432-9 GC. This section provides in part "when an affidavit charging the person with a commission of the offense is filed with a judge, clerk, or magistrate, if he has reasonable ground to believe that the offense charged has been committed, he shall issue a warrant for the arrest of the accused."

The defendant's claim is too exacting under our statute. **Parker v. State, 4 Oh St 565**; although he has support in The U. S. v. Carter, 14 Weekly Law Bulletin, 191, opinion from the U. S. Court, Southern District of Ohio.

The motion to quash also claimed that the affidavit did not apprise the defendant of what offense he was charged. The affidavit in this case is not subject to the charge of prolixity, which was the basis of the dissenting opinion in **State v. Henning, 83 Oh Ap, 445; 51 Abs 459; 78 N. E. (2d) 588.** The charge here is that the defendant did on the day alleged, unlawfully examine, prescribe, advise, recommend, and administer certain treatment, etc. All of the qualifying terms relate to, and may properly be associated with the professional treatment.

The defendant moved the court to require the State to provide the defendant with a bill of particulars, in order to apprise the defendant with a reasonable degree of certainty of the offense with which he is charged. This motion was denied and this action of the court was made an assignment of error.

Defendant relies upon §13437-6 GC under which, if applicable, we are of opinion, that the defendant had the right to have his motion sustained. **State v. Collett, 44 Abs 225.** It is our judgment, however, that the provision of §13437-6 GC "that the prosecuting attorney, if seasonably requested by the defendant, or upon order of the court, shall furnish a

bill of particulars setting up specifically the nature of the offense charged" has no application. This provision is only applicable as to indictments or informations and the bill of particulars is to be given only by the prosecuting attorney.

Thus, by the terms of the section of the Code, it appears ▮ that they were not intended to be applied in misdemeanor actions before Municipal Courts or Justice of the Peace Courts.

The one assignment of error, of substance, relates to the admission, over the objection of counsel for defendant, of proof of the conviction of the defendant for similar offenses as bearing upon the intent with which the acts charged were committed. That such convictions are admissible in a prosecution under §12694 GC is established by **State v. Ensminger, 149 Oh St 289.** The manner in which the convictions of the claimed offenses were introduced into evidence raises the serious question here.

The State's claim was that the defendant had treated the prosecuting witness, after first examining her, by manipulation and rubbing of her back for which a charge of $3.00 was made. The defendant admitted giving, what he termed, a naturopathic treatment, denied that he received any fee for this treatment. It further appeared, that the prosecuting witness complained of some skin irritation to her hand and that the defendant gave her, in one bottle, some ointment to use and also another bottle containing some substance, in part, of vitamin content. The defendant asserted that he made a charge of $4.00 for the vitamins, nothing for the ointment.

An essential element of proof of the offense, was that the defendant administered the treatment for a fee. The State undertook to make proof of conviction of other prior offenses by the testimony of Mr. Dorsey by the following questions and answers:

Q. "Mr. Dorsey, let me ask you whether or not you had this defendant in this court and convicted him before of a similar offense that he is on trial here for today?"

Over objection to the question, motion that it be stricken and for a mistrial, the witness was permitted to answer, "I have."

Q. "When was that?"
A. "1942, 1946, 1949."
Q. "Three times?"
A. "Yes sir."

Motion to strike these answers is overruled and exception noted.

Q. "And each time Mr. Gutilla was convicted in this court on similar offenses to this one; is that right?"
A. "Yes sir."

It is manifest that this testimony could not have been properly presented to the jury as heretofore indicated.

If the State desired to rely upon convictions of similar offenses as bearing upon the intent with which the offense alleged was committed it should have called the Clerk of Court, in whose office the records of such convictions were properly kept. Presentation of such records would have enabled the State to make proper proof of the convictions of the defendant and also permitted the court to determine whether or not such convictions were for related offenses.

The admission of this testimony from the source and in the manner appearing in this record was erroneous and manifestly prejudicial to the defendant.

The constitutionality of the State Medical Act and the proceedings thereunder are challenged but they have been held to be constitutional. Triplett v. State, 23 O. C. C. (N. S.) 172; **Katsafaros v. Agathakos, 52 Oh Ap 290, 3 N. E.** (2d) 810.

Without further discussion we hold that no other error assigned is well made.

The judgment will be reversed and the cause remanded for new trial.

MILLER, PJ, and WISEMAN, JJ, concur.

## ON ASSIGNMENT OF ERROR

No. 4383. Decided January 18, 1950.

Richard W. Gordon, City Atty., Glenn Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.
Isadore L. Margulis, Columbus, for defendant-appellant.

By THE COURT.

The defendant-appellant has assigned nine separate grounds of error. We have carefully considered each and every error assigned and after a careful examination of the entire record in this case and the law applicable thereto we are of the opinion that no error prejudicial to the rights of

the defendant-appellant has been committed and that the judgment of the Common Pleas Court affirming the conviction of the defendant-appellant in the Municipal Court of Columbus, Ohio, should be and is hereby affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

## APPEAL ON LAW

No. 4384.   Decided January 18, 1950.

Richard W. Gordon, City Attorney, Glenn E. Kemp, Police Prosecutor, Columbus, for plaintiff-appellee.

Isadore L. Margulis, Columbus, for defendant-appellant.

By MILLER, PJ.

This is a law appeal from the judgment of the Court of Common Pleas affirming that of the Municipal Court, wherein the defendant was found guilty as charged in the affidavit. The affidavit charged as follows:

"Frank A. Dorsey, being first duly cautioned and sworn, deposeth and saith that one Anthony D. Gutilla on or about the 23d day of Oct. A. D. 1947, at the City of Columbus, County of Franklin, and State of Ohio, did unlawfully practice medicine and surgery before he had obtained a certificate from the State Medical (Board) of the State of Ohio as required by law, to wit, that he the said Anthony D. Gutilla did then and there examine and diagnose, recommend and administer certain treatments for the relief and cure of certain bodily injuries of one Charles A. Stehli, to wit, a sacro-iliac strain for a fee to him paid by Charles A. Stehli in the amount and value of eighteen dollars ($18.00) contrary to statute in such cases made and provided and against the peace and dignity of the State of Ohio, further deponent says not.

(Signed)   Frank A. Dorsey."

The only errors assigned which we deem worthy of our comment are those relating to the overruling of the motion to quash and the demurrer to the affidavit.

The record discloses that the defendant called the affiant, Frank A. Dorsey, who testified that the statements made in the affidavit were based upon information and belief and were not based upon his own personal knowledge. For this reason the appellant urges that the motion to quash and the demurrer should have been sustained. Reference is made

to **Volume 3** of the **Ohio Jurisprudence, page 152,** wherein the statement is made:

"A charge of crime upon mere suspicion or belief of the person making the charge is insufficient." Citing United States v. Carter, (D. C.) 5 O. F. D. 592, 14 Bull. 191, which holds that an affidavit stating that the affiant "has good reason to believe, and does verily believe," that the accused is guilty of the offense charged is insufficient.

But this is not our case. The affidavit makes definite and certain charges in the manner and form as set forth in §13432-18 GC. In all of the Ohio cases cited by the appellant the facts differ from those in the case at bar in that the affidavit did not state facts absolutely but merely upon information and belief.

It is also claimed that the ruling of the court violates the Fourth Amendment to the Constitution of the United States which provides:

"No warrant shall be issued for the seizure or arrest of any person charged with a crime or offense against the law of the United States, but upon probable cause supported by oath or affirmation."

We find no violation here, as the charges are supported by the oath of Frank A. Dorsey, and the charges are positive in character. The record further discloses that there was "probable cause" for the issuance of the affidavit.

The appellant further urges that the record does not support the charge that the defendant was gulity of practicing medicine or surgery. The practice of medicine is defined by §1286 GC, the pertinent part of which provides:

"A person shall be regarded as practicing medicine, surgery or midwifery, * * * or who examines or diagnoses for a fee or compensation of any kind, or prescribes, advises, recommends, administers or dispenses for a fee or compensation of any kind, direct or indirect, a drug or medicine, * * * or treatment of whatever nature for the cure or relief of * * * infirmity or disease.".

The record discloses that Charles A. Stehli testified that he went to the defendant's office after he had hurt himself while at work; that he explained the nature of his injuries to the defendant who diagnosed it as a sprain; that he

caused him to lie upon a table and treated him by massaging with his hands along the spine; that for this first treatment a charge of $3.00 was made; that he told him it would be necessary to return for further treatments and that he did so taking a total of six; that he also gave him two bottles of vitamin pills as a part of the treatment. None of these statements are contradicted as the defendant did not take the witness stand. Te record further discloses that the defendant has no certificate from the State of Ohio authorizing him to practice Medicine and Surgery or any of its branches in this state.

We think the evidence clearly shows a violation of "practicing medicine" as defined by §1286 GC. We find no error in the record and the judgment is affirmed.

HORNBECK and WISEMAN, JJ, concur.