COLUMBUS (City), Plaintiff-Appellee, v. BALDASARO, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5065.    Decided October 22, 1954.

412

Chalmers P. Wylie, City Attorney, Malcolm M. Prine, Senior Assistant City Attorney (Police Prosecutor), Columbus, for plaintiff-appellee.

Lynch & Rosenberry, Edward F. Lynch, of Counsel, Columbus, for defendant-appellant.

## OPINION

**By HORNBECK, J.**

This is an appeal on questions of law from sentence and judgment on conviction of defendant-appellant of the offense of using a dwelling as a rooming house without a permit from the building inspector of the City of Columbus. The premises involved were what is known as 16 West Goodale Street. The ordinance which it was claimed was violated is "Section 616 City Code (Penalty Sec. 11)."

We hereinafter refer to the appellee, as plaintiff and the appellant, as defendant. Defendant tested the validity of the proceedings in practically every way known to the law.

Motion to quash, setting out six grounds, was filed and overruled. A motion to quash reaches only such defects as are apparent upon the face of the record. No one specified in the motion so appears. Motion was properly sustained.

Defendant requested a Bill of Particulars of six separate, detailed statements. Defendant cites in support of his right to request such bill, **State v. Hutton, 132 Oh St 461**, which it is claimed overruled our opinion in **State v. Gutilla, 59 Abs 289**, wherein we held that §4576 GC, had no application to the Municipal Court of the City of Columbus. When we are required to decide the effect of State v. Hutton on the Gutilla case, we will have a serious question. We do not reach it here for the reason that, if it be granted that the defendant was entitled to a Bill of Particulars, he was entitled to no one of the detailed statements which are the subject matter of his request. The request was properly refused.

Defendant demurred to the affidavit upon the grounds that the Building Code of the City of Columbus, and particularly Division 14, of Chapter 48, is unconstitutional. Counsel relates the ordinance to no provision of our State or Federal Constitution and it does not appear that the ordinance offends either Constitution. The demurrer was properly sustained.

The cause came on for trial, plaintiff offered its evidence and rested. The defendant moved for dismissal of the affidavit which was overruled. This motion was renewed at the close of defendant's evidence. These actions of the court are questioned by the assignments of error. We will discuss them later.

The court upon consideration of the evidence found the defendant guilty as charged and sentenced him accordingly. Motion for new trial was filed and overruled and this action is made the subject of one of the assignments of error, which we discuss later. Defendant requested separate findings of fact and conclusions of law "as required by §11421-2 GC,

or related criminal statutes". The section cited relates only to civil actions and there is no like provision in the criminal code of which we have any knowledge. The court correctly denied this request.

Defendant claims that the finding and judgment are not supported by and are contrary to the evidence.

We consider the assignments which we have heretofore reserved.

It is basic, as stated in 28 O. Jur. 492, that,

"Statutory provisions requiring the publication of ordinances are generally regarded as mandatory, and a substantial compliance with such provisions is therefore ordinarily essential to the validity of an ordinance. And by express statutory provision" (§§4233 GC, 731.26 R. C.), "the fact that there was no legal publication or posting of an ordinance constitutes a sufficient defense to any suit or prosecution thereunder."

Cases are cited supporting the text. Defendant asserts that the ordinance in question and particularly the section under which he is prosecuted is invalid because proper publication of its enactment was not made.

The Municipal Court judge who tried this case and this court are required to take judicial notice of any applicable ordinance of the City of Columbus. Orose v. Hodge Drive-It-Yourself Co., 132 Oh St 607. But he or we are not required to take judicial notice of what procedural steps were followed in the enactment of such ordinances. Such information is available from the record as to two ordinances only, 826-52, passed September 29, 1952, published in the City Bulletin of the City of Columbus, October 4, 1952, and 1116-52, passed December 8, 1952, and published December 13, 1952. The pertinent part of these ordinances evidently was drawn and published to meet the requirement of §4230 GC, as it relates to new matter in city ordinances. Sec. 4230 GC, insofar as applicable, reads:

"* * * A new ordinance so published in book form which has not been published according to law, and which contains entirely new matter shall be published as heretofore required by law, provided however, that if such revision or codification is made by a municipality, and the same contains new matter, it shall be sufficient publication of such codification, including such new matter, to publish, in the manner required by law as to the enactment of the ordinances, a notice of the enactment of such codifying ordinance, containing the title of such ordinance and a summary of the new matters covered by the same. * * *"

From the language of the above mentioned ordinances, it is established that the sections thereof germane to this prosecution and this appeal contain new matter. To comply with the mandate of §4230 GC, it was necessary for the City to set forth in the publication of the ordinance, 1116-52, implementing the codifying ordinance, 826-52, "the title of such ordinance and a summary of the new matters covered by the same".

Ordinance No. 826-52 recites its purpose, the adoption of a new revision and codification of the ordinances of the City of Columbus, which has been completed; that all ordinances * * * included in said Code have been duly published * * except * * *, and Chapter 48 relative to the Building Code,

"of which notice of inclusion in the said Code is hereby given in accordance with §4230 GC,"

"That the City Clerk * * is * * authorized and directed to publish a

notice of the enactment of this ordinance and a summary of the new matter contained in said Code, as provided by 4230 GC."

It will be noted that 4230 GC, provides that the publication of title and subject matter of new ordinances shall be made with and at the same time as publication of the codification ordinance. This was not done and the purported summary was not made a part of the Ordinance No. 826-52, passed September 29, 1952, published October 4, 1952, but carried into the subsequent ordinance No. 1116-52, passed December 8, 1952, and published December 18, 1952. If we are correct in our interpretation of the intendment of §4230 GC, the provisions of the former ordinance were not complete. If complete, the publication of the first ordinance on October 4, 1952, was in accord with the requirement of Section 35 of the City Charter of the City of Columbus, that "Every ordinance or resolution shall be published at least once in the City Bulletin within twenty days after its final passage * * *."

Did the ordinance, No. 1116-52 and its publication comply with §4230 GC, as it purported to do? Its stated purpose was to accomplish the publication of the new matter contained in the revision and recodification of the Code of the City of Columbus. The pertinent part of the ordinance is as follows:

"Section 1. That in accordance with Ohio General Code, §4230, notice is hereby given of the inclusion in the codification 'The Code of the City of Columbus, Ohio, 1952, of new matter heretofore unpublished which new matter is more particularly described as follows:

Chapter 1.— * * *

＊　　　　　＊　　　　　＊　　　　　＊　　　　　＊

Chapter 48.— The Building Code of the City of Columbus, Ohio.
Article I, Section 1-11, relating to general provisions;

＊　　　　　＊　　　　　＊　　　　　＊　　　　　＊

Article X, Sections 464-626, relating to miscellaneous provisions."

Section 616 of Article X, of the Building Code of the City of Columbus is the basis of the prosecution of the defendant.

"Miscellaneous provisions", as carried in the ordinance, affords a reader thereof no specific information whatever of the subject matter encompassed within the term. Such information is essential to a compliance with the obligation that the publication contain a summary of new matter in the ordnance. The word "summary" as defined by Webster sets forth its essentials:

"An abridgment or compendium containing the sum or substance of a fuller statement."

Neither the ordinance or its publication met the requirement of §4230 GC.

Defendant's motion to dismiss the affidavit and release him should have been sustained when made at the conclusion of the trial because there was no valid ordinance upon which the affidavit could be based. This disposes of a determinative assignment of error but as we are required to pass upon all errors assigned, we consider them.

The section of the ordinance under which defendant was prosecuted provides that no building shall be used as a rooming house unless and until

application has been made to the Building Inspector for permission for such use and a permit issued. Further provides, that such permission shall be issued only to persons of good moral character and shall not be transferable to any other person or premises. Appellant claims that the authority granted to the building inspector to make determination of good moral character of an applicant for a permit to operate a rooming house is a delegation of legislative authority which invalidates the ordinance. We do not agree. The standard to determine good moral character is so well recognized that it does not require legislative direction to further define it.

Chapter 48, Section 1 of the applicable ordinance under the heading "Definitions" provides:

"Hotel.—Any building containing ten or more guest rooms intended or designed to be used or which are used, rented or hired for sleeping purposes by guests, and having a public dining room or office and usually maintaining a register of guests, and of a more public character than an apartment house or tenement."

"Rooming house shall mean and include every dwelling house and other building or structure kept, used or held out to be a place where sleeping or lodging or light-housekeeping rooms are offered for pay for three or more persons."

If there were no more in the ordinance, definitive of rooming-house than that above quoted, the evidence in the case establishes that the building operated by defendant is a rooming house. But the ordinance continues with its definition of "Rooming house", Chapter 48, Sec. 1:

"A residence-building, **other than a hotel,** in which part or parts are kept, used or held out to be a place where sleeping accommodations are offered for pay for three or more persons."

(Emphasis ours.)

It is evident that the building here in use is not a residence building other than a hotel. It is a hotel. The record establishes that every essential set out in the definition of Hotel, in the ordinance, is found in the building operated by the defendant. There is a dining room in the building, but it is operated separately, but there is an office which meets the requirement of the definition "and having a public dining room or office" in the alternative. It further appears that the premises involved and their operation had been since 1945 up to 1952 licensed by the State Fire Marshall of Ohio as a hotel. No license was issued in 1953 but it was not refused because the place was not a hotel. The definition of a rooming house in the ordinance evinces a purpose to exclude a hotel from its operation.

The finding that defendant was guilty as charged was not supported by and is contrary to the evidence.

The first, third, fourth, fifth, sixth and tenth assignments of error are not well made. The second, seventh, ninth and eleventh assignments are sustained.

The judgment will be reversed, affidavit dismissed, defendant discharged and cause remanded.

WISEMAN, PJ, and MILLER, J, concur.