CIRCLE CAB COMPANY, Plaintiff-Appellee, v SPRINGFIELD YELLOW CAB CO., Defendant-Appellant.

Ohio Appeals, Second District, Clark County.

No. 511.   Decided November 4, 1954.

William E. Bailey, Springfield, for plaintiff-appellee.

Corry, Durfey, Martin & Browne, Springfield, for defendant-appellant.

## OPINION

By MILLER, J.:

This is an appeal on questions of law and fact from a judgment of the Common Pleas Court enjoining the defendant from using the words "Yellow" or "Yellow Cab" in connection with the operation of its taxicab business in the City of Springfield, Ohio. The action was instituted by the Circle Cab Company, against the Springfield Yellow Cab Company, both of which are competitors in the taxicab business in said city. The action was grounded upon the alleged fact that the defendant was engaged in unfair competition. The Springfield Yellow Cab Company then filed an action against the Circle Cab Company, seeking an order enjoining it from using in any manner or form the words "Yellow Cab" alone or in any combination of other words of a corporate or trade name in connection with its taxicab business. By agreement the two actions were consolidated and tried as one. We shall do the same in this Court and designate the Circle Cab Company as plaintiff and the Springfield Yellow Cab Company as the defendant. The plaintiff is basing its action upon prior usage of the term, alleging that it has become a valuable asset to its business. The defendant alleges that the plaintiff never adopted nor made any use of the name "Yellow Cab" as a trade name until after it had adopted and used the same as its own pursuant to the provisions of the ordinances of the City of Springfield. The defendant admits that beginning with the year 1952, one of the plaintiff's cabs was operated under the trade name of "Yellow Cab" but alleges that the remainder of its 34 cabs were operated under the name of "Circle Cab Company"; that the one cab was designated "Yellow Cab" for the sole purpose of preventing others from using the same designation.

The question presented is which, if either of the parties, is entitled to the exclusive use of the name "Yellow Cab." The facts pertinent to this issue disclose that the plaintiff was incorporated on October 31, 1946, and since that date has operated a fleet of taxicabs in the City of Springfield under its corporate name; that the cabs were painted Omaha orange and trimmed in black; that on each front door there was a large circle containing a map of the City of Springfield and below this was the name "Circle Cab Company"; that in the year 1951 the plaintiff operated 35 of these taxicabs under its own name, being duly licensed to do so under the ordinances of said city. However, for the year 1952 an application for a license for one of the cabs was made by the plaintiff which sought permission to operate under the trade name of "Yellow Cab Company." The license was issued and one cab was placed in operation under said trade name, the only change in the appearance of the cab being that the name of "Yellow Cab Company" was substituted for "Circle Cab Company" on its doors. An application for a license for this cab for the year 1953 was made in the name of the "Yellow Cab Company," a corporation, requesting permission to operate the same under the trade name of "Circle Cab Company." This license was issued without a hearing or notice being given as required for a new license under city ordinances, No. 565.03-.04-.05. Counsel concede that the hearing

and notice specified in the ordinance is not required in case of the renewal of a license. The cited ordinances provide:

"Section 565.03—Application for the taxicab license specified in Section 565.02 above shall be made by the taxicab owner to the City Manager upon blanks furnished by said City Manager and shall set forth the name and address of the applicant, the trade name under which he does business, the design, specifications, color scheme, lettering, marks and seating capacity of the vehicle proposed to be licensed, and any other information required by said City Manager.

"Section 565.04—Determination by City Manager. Upon receiving an application as provided in Section 565.03 above, the City Manager shall forthwith investigate the applicant for said license concerning said applicant's general reputation in his residence community and shall receive from the Department of Police a report concerning any police record on said applicant. The City Manager may refuse to issue an owner's license hereunder if said applicant has been convicted of any crime punishable as a felony in the State of Ohio.

"If said City Manager determines that the owner-applicant is eligible for consideration for receiving a taxicab license, said City Manager shall determine whether the public convenience and necessity requires the issuing of the proposed license, and whether the vehicle proposed to be licensed complies with the requirement of Section 565.06 hereof. A determination in the affirmative shall be mandatory before such license shall be issued and no license shall be issued unless a Certificate of Public Convenience and Necessity shall have been first issued by said City Manager and filed with the Clerk of the City Commission. . . . .

"In making such determination the City Manager shall hold at least one hearing for the presentation of evidence bearing upon the question of public convenience and necessity and shall give notice of the time and place of such hearing to all owners of taxicabs then licensed pursuant to this chapter. Such notice shall be given not less than three (3) days prior to the time of such hearing. . . .

"Section 565.05. Issuance of taxicab license. If said City Manager determines that the license should be issued, he shall receive from the taxicab owner prior to delivery of said license the following additional information and material. . . .

"When the City Manager determines that the license should be issued, and that all applicable provisions of this chapter have been complied with, he shall issue a license, in the form specified in Section 565.19 hereof to the taxicab owner. All said licenses shall expire at midnight on the 31st day of December in each year. . . ."

It is urged by the defendant that since no notice was given or hearing had as provided by the ordinance, that the licenses for 1953 and 1954 were invalid, the one for 1954 being issued on facts parallel with those in the 1953 application with the exception that this application was made by the "Circle Cab Company" seeking to operate under the trade name of "Yellow Cab Company." We are in accord with the defendant's views on this proposition. It must be noted that these applications were not for the renewal of licenses, for the applicant was not the same as the one to whom the license had been granted. Being new

applications they must be processed in accordance with the terms of the ordinance. Statutory provisions requiring notice are generally regarded as mandatory and a substantial compliance with such provisions is essential. **28 O. Jur. 492.** The rule appears to us to be correctly stated in the case of Borst v. Town of Sharon, 48 N. Y. S. 996:

"Town or municipal officers have no power to waive any of the requirements of a statute enacted for the protection of the people of the town or municipality of which they are officers."

See also DeMatteis v. Village of Peekskill, 282 N. Y. 98, 25 N. E. (2d) 383; **Columbus (City) v. Baldasaro,** No. 5065, Franklin, by this Court and not reported at this time. **(70 Abs 411.)**

Since the licenses for the one "Yellow Cab" were not valid for the years 1953 and 1954, the right to use the trade name of "Yellow Cab" was not authorized and the plaintiff could acquire no rights by wrongfully using the same. A trade name by its very nature must be properly used in order to become the subject of an exclusive property right in that name. Our view of the evidence is that, even conceding for the purposes of argument, the name was properly used on the one cab for several years, the plaintiff never used the same for the purpose of acquiring a trade name, but only to prevent the use of that name by others. Prior to the time of placing the name of "Yellow Cab Company" in small letters under the listing of "Circle Cab Company" in the telephone directory in June, 1953, the only thing the plaintiff did to show use of the name was putting the same on the doors of one cab as previously stated. All of the other 34 cabs of the plaintiff were operated as "Circle Cabs" and all publicity and advertising were in the same name. With this limited use of the name "Yellow Cab" we do not think it could be said that the term has come to represent in the public mind the business of the plaintiff. The rule applicable seems to be well stated in **39 O. Jur. 396,** as follows:

"In its broadest aspects the state of the law now is such that it can be asserted that no matter what the trademark, tradename, or other designation may be, if by long continued use it has come to represent in the public mind the business or commodity of a designated person, the use of it by another in such a way as to mislead the public into believing that it is dealing with the original user of the name when in fact it is not will be restrained."

We agree with the trial judge that we do not have the question of copying or simulating a physical design. There is no evidence of any copying by the defendant of any color combination or physical appearance of the plaintiff's cabs, it appearing that they are painted orange and black, while the cabs of the defendant are painted lemon and black. The numerous cases cited whereby customers are misled because of copying or simulating can have no application to the facts in this case.

The restraining order sought by the "Circle Cab Company" will be denied.

We shall next consider whether the Springfield Cab Company is entitled to the relief it is seeking against the Circle Cab Company Since we have previously determined that the license for the one Yellow Cab operated by the plaintiff was invalid, and since it appears further that

the defendant has a license regularly issued by the City of Springfield permitting it to operate under said trade name, we must hold that it is entitled to the relief sought in the petition.

A judgment entry may be drawn accordingly.

WISEMAN, PJ, HORNBECK, J, concur.