CITY OF WILLOUGHBY, APPELLEE, *v.* HUGEBECK, APPELLANT.

(No. 737—Decided June 17, 1964.)

*Mr. Louis A. Turi,* law director, for appellee.
*Mr. Brano Urbancic,* for appellant.

FRANCE, J. Defendant was tried and convicted in Willoughby Municipal Court of "speeding (over limit): 50 m. p. h. in a 25 m. p. h. zone in violation of the ordinance in such case

made and provided." Prior to trial defendant orally demurred to the affidavit on the ground it failed to state an offense. The demurrer (or motion to dismiss) was overruled, plea of not guilty re-entered and trial had. After sentence, appeal was taken to the Common Pleas Court of Lake County on five assignments of error, and the conviction was there affirmed.

In this appeal we are limited to a single assignment of error, directed to the failure to sustain defendant's oral "demurrer" to the affidavit.

The case may be simply described as a "traffic ticket" case, in which the policeman, at the time of stopping a defendant for a violation, fills in, on the proper spaces on a preprinted form, data concerning the defendant and his car, the time and place of the alleged offense, then checks one of the twenty-four blocks purportedly describing offenses and certain other blocks showing road, traffic and other conditions, hands a copy to defendant, retains the original and at the close of his tour of duty swears to the charge before a deputy clerk of court and causes it to be filed as an affidavit to charge defendant with an offense.

Defendant's attack, made before trial and renewed by motion at the close of the city's case, is that since that affidavit nowhere charged that his speed was either greater or less than reasonable and proper, which is the standard set by Section 333.03 of the Willoughby Traffic Code, and by Section 4511.21, Ohio Revised Code, from which the ordinance is copied verbatim, no offense was charged against him.

The prosecution argues that the provisions of Section 4511,21, Revised Code, and the ordinance in question require the affidavit to state, in addition to the time and place, the claimed actual speed of defendant and that established as prima facie lawful, and that this requirement is in substitution for what would otherwise be required in an affidavit. Since that section of the Revised Code does not appear in the chapter on criminal procedure, it would appear to impose additional, not substituted, requirements for stating an offense. For it will be noted that the introductory words of the statute are:

"No person shall operate a motor vehicle * * * at a speed greater or less than is reasonable or proper * * *."

This states the gist of any offense; all else in the section is embellishment occupied primarily with stating what may be

prima facie lawful as a matter of evidence. An affidavit which fails to charge that a speed is unreasonable simply fails to state an offense. There is nothing new or startling in this conclusion; it is as old as statements to that effect in *State* v. *Blair* (1927), 24 Ohio App. 413, or the similar declarations in the civil case of *Swoboda* v. *Brown* (1935), 129 Ohio St. 512. It is also as new as the restatement of the proposition in *State* v. *Wall* (1962), 115 Ohio App. 323, or *City of Cleveland* v. *Keah* (1952), 157 Ohio St. 331, all well-written, well-reasoned and authoritative opinions.

The prosecution also argues that since defendant understood what he was charged with and was in no respect misled, the affidavit was sufficient. This begs the question. Certainly defendant could understand that he was charged with driving fifty miles an hour in a twenty-five mile zone. We cannot agree that from this he was also apprised of the fact that such speed was considered unreasonably fast. Considered that the time of occurrence was between four and five a. m., that the evidence would (and did) disclose that there was little or no other traffic on the road, that Lake Shore Drive at this point is a through street (*City of Cleveland Heights* v. *Woodle,* 176 Ohio St. 113), and that while the area in question is zoned for business, there is considerable doubt that actual occupancy was sufficient to qualify it as a "business district" under Section 4511.01 (LL), Revised Code, or even as an "urban district" within the meaning of Section 4511.01 (NN), Revised Code, we doubt that defendant could be said to be aware that a speed of fifty miles an hour at the time and place was unreasonable. On the contrary he was actually informed by a check in one of the boxes that he was driving "over limit" by more than fifteen miles per hour. Since there is no fixed speed limit in Ohio (other than on the Turnpike) any well informed citizen, as well as the court, would know that he was charged with a nonexistent offense, although admittedly the facts on which the prosecution relied to convict him were fully disclosed on the ticket. We find the ticket affidavit used in this case defective in the respects claimed by defendant.

The difficulty lies, not in the general format of the ticket itself, for this is specifically authorized by Section 2935.17, Revised Code, nor in the terseness of the language, for the

same section of the Code allows plain, but terse, descriptions, and some of the examples given in the statute as permissible are as ungrammatical as the "newspeak" of Orwell's "1984." The problem results, rather, from accepting uncritically a ticket form designed for use in a fixed speed-limit state and attempting to use it, without any change whatsoever, in a state whose test is reasonable speed with prima facie lawful limits. While they are not directly involved here, we note, in passing, that two other offenses described on the ticket, involving violation of traffic signals, state no offense under Ohio law.

The idea of the traffic ticket is excellent; it carries the blessing of the Commissioners on Uniform State Laws (Model Rules Governing Procedure in Traffic Cases, 1957) and of the American Bar Association (House of Delegates Resolution, September 8, 1949) as well as of Section 2935.17, Revised Code. But endorsement of a check in the block-type ticket-affidavit does not mean that this state should automatically adopt the precise language used to charge offenses in states which, unlike Ohio, have adopted the Uniform Vehicle Code and fixed speed limits as well as the general format of the American Bar Association Uniform Traffic Ticket.

Following the enactment of Section 2935.17, Revised Code, which authorized the Supreme Court to specify uniform language for use on traffic tickets in Ohio, a committee designated by the court, after months of preliminary study and reports, recommended specific language to the Supreme Court for adoption. The recommended "terse but plain" language as recommended for speeding offenses was: "Unreasonable for conditions (—— m. p. h. in —— m. p h. zone)." The report of the committee has not yet been adopted by the court and there is thus no imprimatur on the recommended language. Nevertheless the recommendation as published is useful in indicating a concensus of traffic judges and prosecutors on the apt language to be used in the "plain but terse" description of a speeding offense in Ohio.

At trial certain other language in the ticket was indirectly called into question. Complaint was made that the affidavit was not properly sworn to. We note that the jurat on the ticket recites:

"The undersigned further states that he has just and rea-

sonable grounds to believe and does believe, that the person named above committed the offense herein set forth, contrary to law.''

The oath therefore is taken on ''reasonable grounds to believe'' as distinguished from the positive statement of fact required by the language of Sections 2935.17 and 2935.19, Revised Code.

In 5 Ohio Jurisprudence 2d 26, the text states:

''An affidavit upon belief is insufficient, although such an affidavit will not, in the absence of a motion to quash, deprive the court of jurisdiction. * * *.'' Authorities cited in support of the statement are *Pope* v. *Cincinnati,* 3 C.C. 497, 2 C. D. 285, and *United States* v. *Carter,* 14 W. L. B. 191. It is the form of oath itself, rather than the lack of personal knowledge, which makes the oath bad. *State* v. *Gutilla,* 59 Ohio Law Abs. 289; *Miller* v. *State,* 2 Ohio Law Abs. 488.

While no motion to quash, as such, was filed in this case, an ''oral demurrer'' was interposed. Since there is no such thing as an oral demurrer, this must have been treated as the statutory oral motion to dismiss authorized by Section 2937.04, Revised Code, which is also the statutory substitute, in minor courts, for the motion to quash. We are therefore satisfied that defendant's ''oral demurrer'' searched the affidavit as a criminal pleading in this respect and discovered the fatal defect of an information-and-belief jurat. For this reason also, the demurrer, treated as a motion to dismiss, should have been sustained.

The Court of Common Pleas erred to the prejudice of defendant in finding the affidavit sufficient in law to charge an offense and thus affirming the judgment of the Willoughby Municipal Court. The judgment is reversed and final judgment dismissing the affidavit and discharging the defendant is entered.

*Judgment reversed.*

Brown, P. J., and Jones, J., concur.