OPINION
Defendant-appellant Jocelyn M. Seng appeals her conviction and sentence in the Licking County Municipal Court on one count of operating a motor vehicle in excess of the posted speed limit, in violation of R.C. 4511.21. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
At approximately 10:19 p.m. on September 21, 1997, Deputy Chad T. Carson of the Licking County Sheriff's Department observed a vehicle traveling westbound on State Route 37 through the intersection of State Route 37 and Black Road in Union Township, Licking County, Ohio, at a speed greater than the posted 55mph limit. Deputy Carson activated his radar unit, which clocked the vehicle at 77mph. The deputy initiated a traffic stop during which he learned appellant was the driver. Subsequently, Deputy Carson cited appellant for excessive speed, in violation of R.C.4511.21.
On September 25, 1997, appellant filed a pro se Motion for Pre-Plea Dismissal, which the trial court denied on September 29, 1997. At her arraignment on September 30, 1997, appellant asked the trial court to inform her as to which provision of R.C.4511.21 she was being charged. After instructing appellant to direct her question to the prosecutor, the trial court entered a plea of not guilty on appellant's behalf. Via Court Order dated October 6, 1997, the trial court scheduled a bench trial for October 20, 1997. On October 14, 1997, appellant filed a pro se
Motion for Pre-Trial Dismissal asserting the provision under which she "presumed" she was being charged, to wit: R.C. 4511.21(C), was not a positive provision of the law and such provision did not charge an offense. The trial court summarily denied appellant's motion.
The matter proceeded to bench trial on October 20, 1997. The State presented only the testimony of Deputy Chad Carson. Appellant did not testify or present any witnesses. After hearing the evidence, the trial court found appellant guilty. The trial court imposed a $77.00 fine plus court costs.
It is from this conviction and sentence appellant prosecutes this appeal raising the following assignments of error:
 I. THE APPELLANT BELIEVES THAT HER DUE PROCESS OF LAW RIGHTS WERE VIOLATED SINCE SHE WAS NEVER TOLD WHAT PROVISION OF 4511.21 WAS BEING CHARGED.
 II. APPELLANT'S SECOND ASSIGNMENT OF ERR [SIC] IS THAT THE CHARGE STATED AT THE ARRAIGNMENT WAS NOT A POSITIVE PROVISION OF THE LAW AND, DESPITE APPELLANT'S MOTIONS AND OBJECTIONS, IT WAS NEVER AMENDED.
 III. APPELLANT'S THIRD ASSIGNMENT OF ERR [SIC] IS THAT TO BE CONVICTED OF A VIOLATION OF 4511.21, THE TRIAL COURT MUST PROVE THAT THE APPELLANT WAS DRIVING AT A SPEED WHICH WAS IMPROPER OR UNREASONABLE FOR THE CONDITIONS EXISTING AT THE TIME, PARAGRAPH "A" OF 4511.21. THE TRIAL COURT WAS NOT PRESENTED WITH ANY EVIDENCE THAT APPELLANT WAS DRIVING UNREASONABLE OR IMPROPER FOR THE CONDITIONS EXISTING AT THE TIME.
 I II
We shall address appellant's first and second assignments of error together. In her first assignment of error, appellant contends her due process rights were violated because she was never informed as to which provision of R.C. 4511.21 she was being charged. In her second assignment of error, appellant asserts the offense charged, as stated by the trial court at her arraignment, is not a positive provision of the law.
Appellant relies upon State v. Wall (1962), 115 Ohio App. 323, and Willoughby v. Hugebeck (1964), 2 Ohio App.2d 36, in support of her position that the complaint failed to state an offense because it did not specify under which subsection of R.C.4511.21 she was charged.
In Hugebeck, supra, the Court of Appeals for the Seventh District found:
 An affidavit which fails to charge that a speed is unreasonable fails to state an offense under statute providing that no person shall operate a motor vehicle at a speed greater or less than is reasonable or proper.
 Id. at Headnote 1.
The affidavit upon which the Hugebeck appellant was tried and convicted did not allege that the appellant's speed was either greater or less than reasonable and proper under the conditions. The affidavit merely asserted the appellant was driving 50 mph in a 25 mph zone. The Seventh District found the affidavit was deficient because it failed to charge the speed was unreasonable.Id. at 38. Such deficiency was a fatal defect, sufficient to warrant a dismissal of the charge. Id. at 40. In contrast, the citation at issue in the instant appeal clearly asserts appellant's speed of 77mph in a 55mph zone was unreasonable for the conditions.
Likewise, in Wall, supra, "[t]he affidavit contained no allegation that the speed was either greater or less than was reasonable or proper under existing conditions but only referred to speed." Id. at 337. Accordingly, the Tenth District found this affidavit insufficient to support a prosecution under the speeding statute. Id. As discussed, supra, the complaint herein did, in fact, allege appellant's speed was unreasonable for the conditions.
Appellant has misinterpreted the holdings in Wall, supra, andHugebeck, supra. These cases do not support appellant's proposition that the failure to identify under which subsection of R.C. 4511.21 she was charged created a defective complaint. Both the Wall Court and the Hugebeck Court found the failure to allege "unreasonableness" constituted the fatal defect. Since the complaint in the instant action alleges "unreasonableness", we find such complaint complies with Wall, supra, and Hugebeck,supra. As such, the failure to specifically identify the subsection under which appellant was charged did not result in a violation of her due process rights.
Appellant's first and second assignments of error are overruled.
 III
Essentially, appellant's third assignment of error raises a manifest weight of the evidence argument.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
In her Brief to this Court, appellant argues the State had the burden of proving her driving in excess of the posted speed limit was unreasonable and improper.
In City of Cleveland v. Keaha (1952), 157 Ohio St. 331, the Ohio Supreme Court stated:
 Under such phraseology in a statute or ordinance a speed greater than that specified does not establish the commission of an offense or constitute unlawful conduct per se, but establishes only a prima facie case under the particular statute or ordinance. Such a provision is merely a rule of evidence raising a rebuttable presumption which may be overcome by evidence that in the circumstances the speed was neither excessive nor unreasonable. (Citation omitted).
 A prima facie case may be defined as one in which the evidence introduced is sufficient to support but not to compel a certain conclusion and does no more than furnish evidence to be considered and weighed but not necessarily accepted by the trier of facts. (Citations omitted).
 Id. at 336-337.
At trial, the State presented the testimony of Deputy Carson, who established that appellant was traveling 77mph in a 55mph zone when she was stopped on the evening of September 21, 1997. This evidence of appellant's traveling at a speed greater than the posted limit creates a prima facie case under R.C. 4511.21(C). After the State presented this evidence, appellant had the burden of coming forward with evidence to rebut the presumption the speed was excessive and/or unreasonable.
On cross-examination, Deputy Carson described the stretch of State Route 37, upon which appellant was traveling, as a relatively straight section of road with a slight incline. Deputy Carson testified the traffic at that time was light and he did not notice any vehicles in the intersection of State Route 37 and Blacks Road. He noted the roadway was a paved surface, approximately 24 feet wide. Appellant did not testify or present any witnesses.
Upon our review of the entire record, we find the evidence regarding the rate of speed at which appellant was traveling, to wit: 77mph in a 55mph zone, was sufficient to support the trial court's finding appellant's speed was unreasonable for the existing conditions. Although the record contains evidence which could rebut the presumption the trier of fact, though required to consider and weigh such evidence, was not required to accept it. Given the evidence before us, we cannot conclude the trial court's decision is against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The conviction and sentence of the Licking County Municipal Court is affirmed.
By: Hoffman, P.J., Reader, J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.