DECISION AND JUDGMENT ENTRY
This is a consolidated appeal from two judgments of the Huron Municipal Court. In each case, following a bench trial, the trial court found appellant, Geoffrey Oglesby, guilty of speeding and a seat belt violation. For the reasons stated herein, this court affirms, in part, and reverses, in part, the judgments of the trial court.
Appellant sets forth the following two assignments of error:
"ASSIGNEMENT (SIC) OF ERROR NO. 1
 "THE TRIAL COURT ERRED IN FINDING THAT THE OCCUPANT DID NOT HAVE A SEAT BELT WHEN THE EVIDENCE DEMONSTRATED THAT THE OCCUPANT HAD A LAP BELT ON BUT NO SHOULDER HARNESS (SIC)
 "ASSIGNMENT OF ERROR NO. 2
 "THE COURT ERRED BY NOT DISMISSING A SPEEDING TICKET WHEN THE ELEMENT OF `UNREASONABLE FOR THE DCONDITIONS (SIC)' IS NOT INCLUDED IN THE CHARGING DOCUMENT (SIC)"
The following facts are relevant to this appeal. On May 27, 1999, appellant was charged with speeding in violation of Huron Municipal Ordinance 333.03(b), driving fifty m.p.h. in a thirty-five m.p.h. zone, and not wearing a seat belt in violation of R.C. 4513.263[1]. On June 25, 1999, appellant was charged with speeding in violation of R.C. 4511.21(D)(2)[2], driving seventy-eight m.p.h. in a sixty-five m.p.h. zone, and not wearing a seat belt in violation of R.C. 4513.263. The cases were tried on October 19, 1999; appellant was found guilty on all charges. The trial court granted a motion to stay the imposition of the sentences. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant contends that the trial court erred in finding that the occupant did not have a seat belt on when the evidence demonstrated that the occupant had a lap belt on but no shoulder harness, arguing that there was insufficient evidence in either case. This court finds no merit in this assignment of error.
In the case sub judice, the first assignment of error requires a review of the transcript of the lower court proceedings in order to determine the sufficiency of the evidence. Appellant has failed to provide a transcript of the trial so that this court could review the matter in full. Pursuant to App.R. 9(B) and App.R. 10(A), it is appellant's duty to order and provide a transcript of the trial court proceedings to the reviewing court on appeal. If such a transcript is unavailable, appellant could have filed, in the alternative, either a statement of the evidence or proceedings under App.R. 9(C) or an agreed statement of the record under App.R. 9(D). This was not done in the case herein.
Absent an adequate record, a reviewing court is unable to evaluate the merits of an appellant's argument on appeal and a presumption of regularity attends the trial court's actions.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313, 314, citing Knapp V. Edwards Laboratories (1980), 61 Ohio St.2d 197,199. In Hartt v. Munobe (1993), 67 Ohio St.3d 3, 7, the Ohio Supreme Court, in dealing with the issue of the necessity of a transcript to determine error on appeal, stated in pertinent part:
 "An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below. See Rheinstrom v. Steiner (1904), 69 Ohio St. 452, 69 N.E. 745. A party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 15 Ohio Op.3d 218, 400 N.E.2d 384; App.R. 9(B). When the alleged error is that the trial court judgment was against the weight of the evidence or unsupported by the evidence, the appellant must include in the record all portions of the transcript relevant to the contested issues. App.R. 9(B); Ostrander v. Parker-Fallis Insulation Co. (1972), 29 Ohio St.2d 72, 58 Ohio Op.2d 117, 278 N.E.2d 363. * * * "
Therefore, because appellant failed to submit a transcript of the trial court proceedings, this court will presume the validity of the trial court's actions.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that the trial court erred by not dismissing a speeding ticket when the speeding ticket did not include a check mark for "over limits" or "unsafe for conditions." This court finds merit in this assignment of error as to the speeding ticket issued on May 27, 1999, but no merit in this assignment of error as to the speeding ticket issued on June 25, 1999.
Appellee correctly concedes that the case law supports appellant's assignment of error as to the speeding ticket issued on May 27, 1999. Appellee cites Bowling Green v. Lehman (Oct. 29, 1982), Wood App. No. WD-82-53, unreported, and State v.Chamberlain (July 11, 1994), Licking App. No. 93 CA 146, unreported, for the proposition that a complaint that sets forth the speed of a driver does not state an offense unless it also alleges that the speed charged is unreasonable for the conditions. See, also, City of Willoughby v. Hugebeck (1964), 2 Ohio App.2d 36.
However, the speeding ticket issued on June 25, 1999 was issued pursuant to R.C. 4511.21(D)(2) which sets forth a per _se
violation for speeds in excess of sixty-five m.p.h. See, _Statev. Chamberlain (July 11, 1994), Licking App. No. 93 CA 146, unreported. The speeding ticket issued on June 25, 1999 did include a check mark for "over limits." Therefore, the speeding ticket issued on June 25, 1999 set forth a charge that was not dependent upon the speed being unreasonable for conditions.
Accordingly, appellant's second assignment of error is found well-taken as to the speeding ticket issued on May 27, 1999, but not well-taken as to the speeding ticket issued on June 25, 1999.
On consideration whereof, the decision of the Huron Municipal Court is affirmed, in part, and reversed, in part. The decision of that court not to dismiss the speeding ticket issued on May 27, 1999, is reversed; all other portions of the decisions are affirmed. This case is remanded to the trial court for further proceedings not inconsistent with this decision. Court costs of this appeal are assessed equally between the parties.
 ___________________ HANDWORK, J.
 Richard W. Knepper, P.J., Mark L. Pietrykowski, J., JUDGES CONCUR.
[1] R.C. 4513.263(B) provides, in part:
"(B) No person shall do any of the following:
 "(1) Operate an automobile on any street or highway unless that person is wearing all of the available elements of a properly adjusted occupant restraining device, or operate a school bus that has an occupant restraining device installed for use in its operator's seat unless that person is wearing all of the available elements of the device, as properly adjusted * * *."
[2] R.C. 4511.21(D)(2) provides:
 "(D) No person shall operate a motor vehicle, trackless trolley, or streetcar upon a street or highway as follows:
" * * *
 "(2) At a speed exceeding sixty-five miles per hour upon a freeway as provided in division (B)(12) of this section * * * ."